75,713-12

CAUSE NO 1198033, 1197448, 1197748

Ex Parte     x    In the Court of

Joshua O. White    x    Criminal Appeals of Texas

Relator's "Pro-se" Motion For Leave" to File
Writ of Mandamus

To the Honorable Court of Appeals:

Come Now, Joshua O. White, Pro-se (Hereafter Known As Relator) in the above title and Numbered Cause who's acting on his own behalf, Requesting Assistance in pursuant of this "Motion For Leave" to File Writ of Mandamus pursuant to the Texas Rules of Appellant Procedure Rule 72.1 And the Texas Code of Criminal Procedure Article 4.04 and in Support of such Request here in will show this Honorable Court of Appeal the Following:

I

Pursuant to T.R.A.P Rule 72.1 A "Motion For Leave" must accompany An Application For Writ of Mandamus

II

Relator seek an [ORDER] (Granting) his Writ of Mandamus to compell the Harris County District Clerk and Brazoria County to Produce copies of all Documents that was Receive and or file by either said Clerks From Relator, Starting from the First Date he entered Brazoria County to the day he was Sentence And Sent to the Texas Department of Criminal Justice (TDCJ).

RECEIVED IN
COURT OF CRIMINAL APPEALS
FEB 19 2015
Abel Acosta, Clerk

PRAYER

Wherefore Premisses Considered, Relator Prays that this Honorable Court in the best interest of Justice [GRANT] the Request Issuance of this Writ of Mandamus

2-15-15
Date

Joshua O. White, Pro-se
Ferguson Unit.
12120 Savage Dr
Midway Texas 75852

CAUSE NO: 1197748, 1198033, 1197448

EX PARTE                x        IN the Court of Criminal

Joshua O. White          x        Appeal of Texas

Relator's Application For Writ of Mandamus

To the HONORABLE Court of APPEAL:

COME NOW, Joshua O. White, Pro-se, Relator in the above styled and numbered cause of action file this Writ of Mandamus pursuant to TEXAS Rule of Appellant Procedure Rule 72.1, in support thereof, Relator will show this Honorable Court the following:

I

Relator, Joshua D. White, is and have been incarcerated in a Texas Penal Institution since Sept, 2020, and can now be located at Ferguson Unit, 12120 Savage Dr, Midway, Texas 75852

II

Relator has not exhausted or been given the proper opportunity to exhaust his adequate remedies at law on a direct appeal

III

The act being sought to be compelled by this honorable Court of APPEALs is one ministerial and not Discretionary in nature

Texas Code of Criminal Procedure Article's 2.21 (a)(2) govern the Ministerial duties of the District Clerk of Harris County and the County Clerk of Brazoria County. Article 2.21 (a)(2) describes the following duties of the Clerks [District or County] in all Criminal Proceeding, to Receive and file all Paper

T.R.AP 26.2 [Criminal Cases](a) By the defendant. The notice of APPEAL must be filed (1) within 30 days after the day Sentence is imposed or Suspended in open court, or after

the trial courts enter an appealable order

The Relator abided by T.R.A.P Rule 26.2 and need Harris County District Clerk and Brazoria County Clerk to produce copies of documents receive by clerks and or file by clerk in criminal case to prove that Relator actually filed an appeal within 30 days by TRAP 26.2. The District Clerk of Harris County had a ministerial duty to file Relator request for an appeal when Relator requested appeal within 30 days after sentence was imposed by placing documents in Brazoria County Mailbox according to the mailbox Rule [Houston vs Lack 108 S.Ct 2379] Respondent at the time was Loren Jackson and now Chris Daniels in/at their official capacity as District Clerk of Harris County, Texas, has a ministerial duty to receive and file All paper [request for an appeal] in a criminal ~~appeal~~ proceeding, and perform all other duties impose on the District Clerk [the filing of an appeal] by law pursuant to Texas Code of Criminal Proceeding Article 2.21 (a)(1) and T.R.A.P 26.2

## IV

Violation of T.C.Crim.P Art 2.21 (a)(1)

Respondent's violated T.C.Crim.P Art 2.21 (a)(1) by failing to perform ministerial duties provided by Rule when Respondent fail to file appeal when requested by Relator within required 30 day

## PRAYER

Wherefore Premise considered Relator Joshua O. White, pro-se respectfully prays for courts to [GRANT] this motion and a find of facts.

Relator prays for an order of facts directing Respondent to show just cause when Relator requested for an appeal, none was file;

2-15-15
_____
DATE

Joshua O. White, pro-se
Ferguson Unit
12120 Savage Dr
Midway, Texas 75852

CAUSE NO: 1197448, 1197748, 1198033

Ex Parte                    x        In the Court of

Joshua D. White           x       Criminal Appeals of Texas


Memorandum of Law to Support
Writ of Mandamus


Relator contends that according to T.R.A.P Rule 26.2 [In Criminal Case] (a) By the defendant. The Notice of Appeal must be file (1) within 30 days after the day sentence is imposed or suspended in open court, or after the trial court enter an Appealable order, and in accordance with the [Mailbox Rule for inmate/Prisoners] when "file", Houston vs Jack 108 SCI 2319 his Request was file in time. Relator also contends that Pursuant to Tex. CCrim.P. Art 44.02 "A defendant in any Criminal case has the right of Appeal under the rule hereinafter Prescribed, provided, however, before the defendant who has been convicted upon either his Plea of Guilty or Plea of Nolo Contendere before the Court, and the court, upon the election of the defendant, assesses Punishment and the punishment does not exceed the punishment Recommended by the Prosecutor and agreed to by the defendant and his attorney, may Prosecute his Appeal..." This Right was violated when trial Counsel and defendant didn't agree with punishment Recommended by the prosecutor and trial counsel Request for 10 years or less and when trial Counsel, trial Judge and District Clerk failed to perform their ministerial Responsibilities. The trial Counsel Responsibilities consist of a two step Process. First, the attorney must ascertain whether the defendant wishes to appeal, and second, if the defendant decides to Appeal, the attorney must ensure that written notice of Appeal is filed with the trial courts, Jones vs State 98 S.W 3d 700. The trial Counsel, Retained or Appointed, has the duty, obligation and Responsibility to consult with and fully advise his client Concerning meaning and effect of the judgement Rendered by court, his Right to Appeal from the judgement, the Necessity of giving notice of appeal and taking other steps to Pursue and Appeal and the Merit and the delineating advantage and disadvantage of appeal. If defendant does not wish to Appeal

trial counsel REPRESENTATION ends. If the defendant decides to APPEAL, the attorney must ensure that written notice of APPEAL is filed with trial court T.R.A.P 40(a)(x). The Courts gave responsbilitys to trial Judge in Robinson vs State 662 S.W.2d 272. The Court held that trial Judge should explain (Appellate) Rights to the defendant in open court and the Record should Reflect. The trial Judge should advise to the proper time of his APPEAL Right whether he be Represented by Retained or court appointed counsel, ward vs State 740 S.W.2d 794. The Ministerial Duty of the District Clerk is to, in all criminal cases, to Receive and file all papers. Since court official failed to perform ministerial Duties Relator was never given the proper opportunity to exhaust his administrative Remedies

PRAYES

Relator Respectfully Request Issuance of Writ of Madamus be Rendered from this Honorable Court of Criminal Appeals within Reasonable time period for Respondant to produce just cause as to why they has violated Relator's Fundamental Rights of having his APPEAL properly process in due time [file and or receive

2-15-15
DATE

Joshua D. White, pro-se
Ferguson Unit
12120 Savage Dr
Midway. Texas 75852